Filed: 8/12/2024 12:27 PM
Michael Gould
District Clerk
Collin County, Texas
By Peighton Wright Deputy
Envelope ID: 90783647

CAUSE NO. 416-05428-2024 _____

| | | |
|---|---|---|
| **ANTHONY GIANFRANCO PIRELLO** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **SHIELD AI, INC.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, **ANTHONY GIANFRANCO PIRELLO** ("Plaintiff" or "Pirello"), complaining of Defendant **SHIELD AI, INC.** ("Defendant" or "Shield AI"), and for cause of action shows the Court and Jury as follows:

## NATURE OF THE CASE

1. This case arises from Defendant's repugnant and unlawful termination of Pirello' employment for having disabilities which resulted from his military service to our county.

PLAINTIFF'S ORIGINAL PETITION                    1

## REQUESTED RELIEF AND DISCOVERY CONTROL PLAN

2. Plaintiff seeks monetary relief in excess of $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. Plaintiff intends that discovery be conducted under a Level 3 of discovery control plan.

## PARTIES AND SERVICE

3. Plaintiff Anthony Gianfranco Pirello is an individual residing in Aubrey, Denton County, Texas. The last three digits of his driver's license are 634, and the last three digits of his social security number are 548.

4. Defendant SHIELD AI, INC., is a foreign for-profit corporation doing business in the State of Texas with a principal place of business in Texas at 16240 Gateway Path, #100, Frisco, TX 75033. It may be served with process by serving its registered agent in Texas, INCORP SERVICES, INC. at 815 Brazos St., Suite 500, Austin, Texas, 78701.

5. To the extent Defendant is conducting business by use of a trade name or assumed name, this suit is brought against such Defendant pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands Defendant answer this action in their correct legal name and assumed name.

PLAINTIFF'S ORIGINAL PETITION                2

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court. Venue for this action is proper in Collin County in this cause under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Collin County, Texas.

## FACTS

A. The Defendant.

7. Defendant is a defense technology company and a United States Department of Defense contractor.

8. Defendant proudly proclaims to the world that its mission of **"protecting service members"** is **"at the heart of everything we do."**

9. Defendant claims its values are to:

> **\* Do what honor dictates.**
>
> **\* Live as a servant leader.**
>
> **\* Pursue excellence.**

10. Defendant also proclaims to its employees that:

> **The Company does not tolerate discrimination of any kind.**

**The Company prohibits discrimination based on the following categories: …physical or mental disability…**

**Shield AI recognizes and supports the obligation to reasonably accommodate employees with disabilities… to allow those employees to perform the essential functions of their jobs. If an employee believes they need a reasonable accommodation based on disability…, the employee should discuss the matter with their supervisor or People Experience.**

11. However, Defendant's treatment of Pirello shows that Defendant failed to satisfy its own mission / values; failed to comply with its own absolute prohibition against disability discrimination; and most importantly, failed to comply with basic requirements of law intended to ensure that persons with disability are treated with dignity and respect in a workplace free from repugnant discrimination based on a disability.

B. The Plaintiff.

12. Pirello, as a former Marine and former Army National Guard member, is a service member that Defendant claims its mission is to protect.

13. After graduating from High School in 2006 in Hesperia, California, Pirello enrolled and served in the Marine Corps from 2006 to 2010.

14. During his service, he deployed to Iraq in 2009 and earned an OIF Campaign Badge.

15. He later served in the California Army National Guard from 2013 to 2018 during which time he deployed in Afghanistan as a U.S. Contractor to train the Afgan National Army on unmanned aircraft systems.

16. In 2020, Pirello was diagnosed with PTSD and other injuries related to his military service. His Veteran's Affairs ("VA") assigned PTSD rating is 90%.

17. In August 2021, Pirello was employed by Martin UAV when it was acquired by Shield AI.

18. On or about December 21, 2021, Pirello became employed by Shield AI as a quality engineer level 4 and was later promoted to staff engineer.

19. In 2022, upon receiving bonus pay, Pirello noted his position was incorrectly designated causing it to appear that he had been demoted to a lower-level position. When Pirello pointed out to Defendant that he had joined the company as a level 4 engineer which was the equivalent of a staff position, Defendant agreed, changed his designation, adjusted his compensation and granted him additional stock options.

20. Although Defendant now falsely claims to the contrary, during his employment, Pirello was never written up for any job performance deficiencies.

21. Instead, in late summer or early fall of 2023, Defendant's management told Pirello he was doing great work, was a valuable team member and that they

PLAINTIFF'S ORIGINAL PETITION                5

would push for him to get a large raise during the annual review that was supposed to begin in February 2024.

22.    Sometime around the middle of 2022, Pirello notified the Human Resources department and management of Defendant that noise on the production floor near his workstation was exacerbating, or triggering, symptoms of his PTSD. The noise included grinding, cutting, and banging, but the most disruptive thing was a loud bass speaker that sounded like it was shaking the ground. The loud bass music, in particular, which was deafening in Pirello's small workspace, and which played no material part in Defendant's business operations, was especially distracting and caused Pirello to suffer flashbacks which resulted in, among many things, increased irritability and difficulty with concentration.

23.    Pirello asked that the bass music be turned off and asked to transfer to a quieter workstation.

24.    In response, management agreed the issue would be addressed once Defendant completed a move to a new facility with more space and a more extensive layout.

25.    In November 2023, Pirello contacted HR again. This time Pirello met with HR and explained the noise issue and how it (particularly the loud bass) triggered his PTSD symptoms.

26. HR asked Pirello to provide documentation of his disability and in response Pirello gave them VA paperwork confirming his PTSD rating.

27. In December 2023, HR requested more current paperwork from Pirello concerning his disability and when Pirello attempted to schedule an appointment with his medical provider to obtain the paperwork he learned his provider was no longer covered by his health insurance plan. He immediately began looking for another provider so that he could continue treatment of his disability and also obtain the additional paperwork requested by Defendant.

28. Shortly thereafter, on January 25, 2024, without any prior notice or explanation, Defendant terminated Pirello's employment telling him only that his "services were no longer needed due to performance issues."

29. Defendant's termination of Pirello was due to his disability and his request for reasonable accommodation of same.

30. Defendants wrongful termination pre-empted, prejudiced and precluded Pirello's exercise of the legal right to engage in the interactive process with Defendant and obtain reasonable accommodation of his disability.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31. Pirello exhausted his administrative remedies and has fulfilled all jurisdictional requirements for the filing of this action.

32. Pirello filed an employment discrimination charge against Defendants and was issued a right to sue letter on or about May 14, 2024.

33. Pirello filed this pleading within two years of his cause of action accruing and within the jurisdictional time limits required by his Notice of Right to File a Civil Action.

## COUNT 1 - DISABILITY DISCRIMINATION – ADA / ADAAA

34. Specifically incorporated herein by reference are each of the foregoing paragraphs.

35. Pirello is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA").

36. Pirello was qualified for his position regardless of his disability.

37. Pirello suffered an adverse employment action when Defendant discriminated against him due to his disability, wrongfully terminated his employment and pre-empted, prejudiced and precluded his exercise of valuable legal rights.

38. Defendant's conduct violated the ADA and ADAAA.

39. Pirello was damaged by Defendant's discrimination.

## COUNT 2 – RETALIATION – ADA / ADAAA

40.  Specifically incorporated herein by reference are each of the foregoing paragraphs.

41.  Pirello engaged in a protected activity under the ADA and ADAAA by seeking reasonable accommodation for his disability and attempting to engage in the interactive process concerning the same.

42.  Pirello suffered materially adverse employment action of retaliation and termination for engaging in protected activity.

43.  There is a causal link between Pirello's protected activity and the materially adverse employment action.

## COUNT 3 – DISABILITY DISCRIMINATION – TCHRA

44.  Specifically incorporated herein by reference are each of the foregoing paragraphs.

45.  Pirello is a qualified individual with a disability within the meaning of the Texas Commission on Human Rights Act ("TCHRA").

46.  Pirello was qualified for his position regardless of his disability.

47.  Pirello suffered an adverse employment action when Defendant discriminated against him due to his disability, wrongfully terminated his employment and pre-empted, prejudiced and precluded his exercise of valuable

legal rights.

48. Defendant's conduct violated the TCHRA.

49. Pirello was damaged by Defendant's discrimination.

## COUNT 4 – MISREPRESENTATION

50. Specifically incorporated herein by reference are each of the foregoing paragraphs.

51. Defendant made one or more intentional or negligent material misrepresentations with the intent Pirello believe and act upon them.

52. Pirello relied and acted on Defendant's misrepresentations to his detriment and suffered damages as a direct result.

## ATTORNEYS' FEES

53. Pirello is entitled to an award of reasonable and necessary attorneys' fees upon prevailing in this action.

## JURY DEMAND

54. Plaintiff requests a jury trial under Rule 216 of the Texas Rules of Civil Procedure and pays the required fee concurrently with the filing of this action.

## DAMAGES

55. As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiff suffered injuries and damages for which he sues herein as follows:

a. Back pay.

b. Compensatory damages.

c. Punitive damages.

d. Reinstatement and/or front pay.

e. Taxable court costs.

f. Exemplary damages.

g. Attorney's fees, and

h. Such other and further relief to which he may show himself entitled.

## RULE 193.7 NOTICE

56. Pursuant to the self-authenticating provisions of Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice that all documents produced by all parties, whether in response to written discovery, attached to depositions as exhibits, or otherwise produced for inspection, may be used by Plaintiff in any pre-trial proceeding or at trial of this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment

interest at the maximum rate allowed by law; post-judgment interest at the legal

rate, costs of court; and such other and further relief to which Plaintiff may be

entitled at law or in equity.

Respectfully submitted,

**AbsolutLAW, PLLC.**

By: **_s/Warren R. Westberg_**
**Warren R. Westberg**
State Bar No. 21213100
warren@absolutLAW.com
5301 Alpha Rd., Suite 80-221
Dallas, Tx. 75240
(214) 935-1628

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Warren Westberg
Bar No. 21213100
westberg@mwrlawfirm.com
Envelope ID: 90783647
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description:
Status as of 8/12/2024 12:54 PM CST

Associated Case Party: AnthonyGianfrancoPirello

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Warren Westberg | | warren@absolutlaw.com | 8/12/2024 12:27:14 PM | SENT |